# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

PENOVIA LLC,                                )
                                            )
              Plaintiff,                    )
                                            )   Case No. 2:13-cv-777
       v.                                   )
                                            )   **PATENT CASE**
NETGEAR, INC.,                              )
                                            )   **JURY TRIAL DEMANDED**
              Defendant.                    )
                                            )
                                            )
                                            )
_____     )

## ANSWER TO COMPLAINT

Defendant NETGEAR, INC. ("NETGEAR") by and through its respective attorneys, hereby responds to Plaintiff Penovia LLC's ("Penovia") Complaint against NETGEAR, INC., for infringement of United States Patent No. 5,822,221 ("the '221 Patent") as follows:

## PARTIES AND JURISDICTION

1.     NETGEAR admits that the Complaint purports to be an action for patent infringement under Title 35 of the United States Code.

2.     NETGEAR admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action alleging patent infringement arising under the United States patent statutes.

3.     NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies them.

4.     NETGEAR admits that it is a Delaware corporation with its principal office located at 350 East Plumeria Drive, San Jose, CA 95134-1911.  NETGEAR admits that this Court has personal jurisdiction over NETGEAR, but denies the remaining allegations of Paragraph 4.

1

5.       NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies them.

## VENUE

6.       NETGEAR denies that venue is proper in the Eastern District of Texas. NETGEAR further denies the remaining allegations of Paragraph 6.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7.       NETGEAR incorporates paragraphs 1 through 6 herein by reference.

8.       NETGEAR admits this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9.       NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies them.

10.       NETGEAR admits that what purports to be a copy of the '221 Patent, titled "Office Machine Monitoring Device," is attached to the Complaint as Exhibit A.

11.       NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies them.

12.       NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies them.

13.       NETGEAR denies Paragraph 13.

14.       NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies them.

15.       NETGEAR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies them.

## DEMAND FOR JURY TRIAL

NETGEAR admits that Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, NETGEAR denies that Plaintiff is entitled to any relief, and in particular to any of the relief requested in paragraphs (a) – (d) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting any allegations of the Complaint not otherwise admitted, NETGEAR alleges and asserts the following defenses in response to the allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Patent Noninfringement)

16.     NETGEAR has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '221 patent, either directly or indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRAMTIVE DEFENSE

### (Patent Invalidity)

17.     One or more claims of the '221 patent is invalid for failure to comply with the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRAMTIVE DEFENSE

### (Prosecution History Estoppel)

18.     By reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants or on their behalf, Plaintiff  is estopped from construing the claims of the '221 patent to cover or include any products or acts of NETGEAR.

## FOURTH AFFIRAMTIVE DEFENSE

### (Limitations on Damages)

19.     Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286-288.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

20.     NETGEAR reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, NETGEAR requests entry of judgment in its favor and against Plaintiff Penovia as follows:

(a)     Declaring that NETGEAR has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '221 patent;

(b)     Declaring that the '221 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112;

(c)     Enjoining Penovia, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from representing or implying that NETGEAR has unlawfully infringed or is unlawfully infringing the '221 patent;

(d)     Enjoining Penovia, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of NETGEAR to make, use or sell the products that allegedly infringe the '221 patent; and

(e)     Granting such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR A JURY TRIAL

NETGEAR, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

Dated:  November 27, 2013                WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation


                                         By: _____*/s/ Ryan R. Smith*_____
                                             Ryan R. Smith
                                             WILSON SONSINI GOODRICH & ROSATI
                                             650 Page Mill Road
                                             Palo Alto, CA  94304
                                             Telephone:  650.493.9300
                                             Facsimile:   650.493.6811
                                             rsmith@wsgr.com

                                         Attorneys for Defendant NETGEAR, INC.

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on November 27, 2013.

                                          */s/ Ryan R. Smith*
                              Ryan R. Smith